IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                              Plaintiff,

    v.

BRENDA STACEY, Probation Officer,
Wisconsin Department of Corrections,
Div. of Community Corrections; and
LEANN MOBERLY, Probation Supervisor,
Wisconsin Department of Corrections,
Div. of Community Corrections,

                              Defendants.

OPINION and ORDER

07-C-426-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas W. Zach is a state prisoner currently in custody at the Stanley Correctional Institution in Stanley, Wisconsin. In his complaint, plaintiff contends that he was unlawfully detained at the Dane County jail pending a probation revocation hearing as a result of illegal actions taken by defendant Brenda Stacey, plaintiff's probation agent, and defendant Leann Moberly. Plaintiff brought this lawsuit under 42 U.S.C. § 1983; he seeks declaratory and monetary relief, in addition to release from confinement.

Although plaintiff has paid the filing fee in full, the court must screen his complaint

1

pursuant to 28 U.S.C. § 1915A.  In screening, the court must examine plaintiff's claims, interpreting them broadly, and dismiss any that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

From a review of plaintiff's complaint, I understand him to allege the following.

FACTS

Plaintiff is currently a prisoner at the Stanley Correctional Institution in Stanley, Wisconsin.  At times relevant to his complaint, plaintiff was housed at the Dane County jail in Madison, Wisconsin.  Defendant Brenda Stacey is a probation officer for the Wisconsin Department of Corrections.  Defendant Leann Moberly is her supervisor at the Wisconsin Department of Corrections.

Defendants Stacey and Moberly ordered the Madison Police Department to take plaintiff into custody on January 4, 2005.  However, plaintiff was taken into custody five days early, on December 31, 2004.  When defendant Stacey met with plaintiff on January 7, 2005, she asked him a series of questions and wrote down the answers in a statement. Defendant Stacey told plaintiff that she would charge him with additional probation violations if he did not sign the statement.  Plaintiff felt intimidated and signed the statement.  In the statement, plaintiff admitted to violating one of the terms of his

2

probation. This probation violation "did not break or violate and local, state or federal law." Plaintiff did not receive a preliminary hearing regarding the revocation of his probation. Plaintiff's probation was revoked after a final hearing on February 22, 2005.

Defendant Stacey did not provide plaintiff with a written statement regarding the evidence she relied on to revoke plaintiff's probation or her reasons for doing so. At plaintiff's final probation revocation hearing, defendant Stacey failed to cause witnesses to appear so that plaintiff could confront them. The statements defendant Stacey provided from adverse witnesses were not sworn. Defendant Stacey failed to provide accurate and verified evidence regarding the primary claims against plaintiff. Finally, she failed to conduct a proper investigation of the facts of plaintiff's case.

## DISCUSSION

Plaintiff contends that his probation was wrongfully revoked as a result of defendants' actions, which plaintiff alleges violated a variety of Wisconsin laws, regulations, and policies, as well as his rights under the United States Constitution. Specifically, plaintiff contends that defendant Stacey failed to conduct a preliminary hearing regarding the revocation of plaintiff's probation and that defendants' actions before and after plaintiff's probation was revoked and at plaintiff's final revocation hearing undermine the validity of plaintiff's probation revocation and current confinement.

3

A. Claims Barred by Heck

As noted above, plaintiff requests that the court declare his probation supervision revocation null and void and to restore him to his former "status." Therefore, I understand him to seek immediate release from custody. Plaintiff filed his complaint under 42 U.S.C. § 1983. However, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). The Court of Appeals for the Seventh Circuit has held that "when a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus under § 2254. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. at 477). Plaintiff's claims regarding the legitimacy of his probation revocation involve issues cognizable in habeas corpus because a judgment in his favor would necessarily imply the invalidity of his current confinement. Heck, 512 U.S. at 487. To the extent that plaintiff would be able to proceed on these claims against his probation officer, he cannot proceed under § 1983 until he shows that his confinement has already been invalidated or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck, 512 U.S. at 486-87. If plaintiff wishes to pursue these claims, he will have

4

to do so in a petition for a writ of habeas corpus after he has exhausted all the state court remedies available to him.

B. Lack of Preliminary Hearing

Plaintiff's allegation that he did not receive a preliminary hearing before his probation was revoked is differently situated. I understand plaintiff to contend that defendant Stacey's failure to provide him a preliminary hearing violates his Fourteenth Amendment right to procedural due process. The court may consider this claim separately because it is not intertwined with the question whether plaintiff's current incarceration is legitimate. Any claim plaintiff might have had that the failure to provide him a preliminary hearing rendered his custody illegal was mooted when plaintiff received a final revocation hearing at which he was found guilty of probation violations. The only remedy available to plaintiff if he proves defendant violated his due process rights by failing to afford him a preliminary hearing is nominal damages of $1.

An individual on parole has a protectible liberty interest associated with his status as a parolee. Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Consequently, parole may not be revoked without due process of law. In Morrissey, 408 U.S. at 485-88, the Supreme Court held that persons detained because of suspected parole violations are entitled to two separate hearings under the due process clause of the Fourteenth Amendment: a preliminary

5

hearing soon after the individual's initial detention and a hearing before a final decision is made on revocation. These rights were extended to persons on probation in Gagnon v. Scarpelli, 411 U.S. 778 (1973).

Plaintiff has alleged that he was not given a preliminary hearing after his probation was revoked. In Morrissey, 408 U.S. at 485, the Court stated that the purpose of the preliminary hearing is "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." The Court required that the hearing occur "as promptly as convenient after arrest" and that "someone not directly involved in the case" make the probable cause determination. Id.

The right to a preliminary hearing is not absolute, however. In the wake of Morrissey, courts have highlighted several situations in which a preliminary hearing is not required. See, e.g., United States v. Sciuto, 531 F.2d 842, 846 (7th Cir. 1976) (preliminary hearing required only where probationer held in custody pending final revocation hearing); United States v. Saykally, 777 F.2d 1286, 1287 n.2 (7th Cir. 1985) (preliminary hearing not required if notice of revocation is filed while probationer is detained pursuant to another criminal charge or sentence imposed for a subsequent offense); United States v. Holland, 850 F.2d 1048, 1050-51 (5th Cir. 1988) (preliminary hearing not required when probationer admits committing acts that violate the conditions of his probation).

6

The relevant exception in this case is that a probationer who admits to violating the terms of his release is not entitled to preliminary hearing. Starnes v. Markley, 343 F.2d 535 (7th Cir. 1965). In his complaint, plaintiff alleges that he signed a statement in which he admitted to violating the terms of his probation. However, he asserts both that he did not know that the form he was signing was an "official statement" and that defendant Stacey coerced him into signing the document by threatening to charge him with additional violations if he did not sign it. Neither of plaintiff's arguments carries the day. Whether or not plaintiff was aware he was signing an "official statement" does not matter for this analysis. Nor does the fact that plaintiff was "coerced" into signing the statement because defendant Stacey told him that he would be charged with additional probation rules violations if he did not. This kind of "coercion" is a common prosecutorial tactic, the use of which does not invalidate a signed confession. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357 (1977).

Because plaintiff acknowledges in his complaint that he signed a form in which he admitted to violating the terms of his probation, he has pleaded himself out of court on his claim that he was denied a preliminary hearing to which he was constitutionally entitled.

### C. State Law Claims

Additionally, plaintiff alleges that defendant Stacey's actions after plaintiff's

7

probation had been revoked and at the final revocation hearing violated various Wisconsin Department of Corrections regulations and Division of Community Corrections Operations Manual policies. It is possible that plaintiff states a claim under Wisconsin law. However, this court's power to hear state law claims arises only under 28 U.S.C. §1332, the statute governing diversity jurisdiction. Plaintiff does not assert jurisdiction under this statute. However, even if he had, he has not alleged that he and defendants are citizens of different states, as is his burden. Cameron v. Hodges, 127 U.S. 322 (1888). Rather, it appears from plaintiff's complaint that all parties are citizens of Wisconsin.

ORDER

IT IS ORDERED that

1. Plaintiff Thomas Zach is DENIED leave to proceed on his claims and this case is DISMISSED for lack of subject matter jurisdiction;

2. 28 U.S.C. § 1915(g) directs the court to enter a strike when an "action" is dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Because I am dismissing one of plaintiff's claims on the ground that this court lacks subject matter jurisdiction, and not for one of the reasons enumerated in 1915(g), a strike will not be recorded against him under § 1915(g).

4. The clerk of court is directed to close the file.

Entered this 24th day of October, 2007.

                                BY THE COURT:

                                /s/

                                BARBARA B. CRABB
                                District Judge