IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                                        ORDER

                Plaintiff,

                                      3:07-cv-426-bbc

     v.

BRENDA STACEY, Probation Officer,
Wisconsin Department of Corrections,
Div. of Community Corrections; and
LEANN MOBERLY, Probation Supervisor,
Wisconsin Department of Corrections,
Div. of Community Corrections,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 28, 2007, plaintiff Thomas Zach filed a notice of appeal from the judgment of dismissal entered in this case on October 25, 2007. In an order dated November 30, 2007, I concluded that plaintiff's appeal was not taken in good faith and I denied his request for leave to proceed in forma pauperis on appeal. In the same order, I informed plaintiff that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the $455 filing fee by a set deadline.

Now plaintiff has filed a letter dated January 1, 2008, that I construe as a motion to withdraw his appeal. In this document, plaintiff says that he lacks the legal knowledge and materials necessary to proceed with his appeal and he does not have the money to pay the $455 filing fee. Plaintiff asks that the filing fee be waived and his appellate case closed immediately.

Unfortunately, it is too late for plaintiff to ask that this court allow him to withdraw his appeal. Plaintiff's appeal was docketed by the circuit clerk on November 29, 2007 as appeal no. 07-3862. Plaintiff's only remedy at this time is to file a motion for voluntary dismissal with the Clerk of the Court of Appeals for the Seventh Circuit under Fed. R. App. P. 42(b), which states,

> The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

According to this provision, plaintiff must file his motion with the Clerk of the Court of Appeals for the Seventh Circuit at 219 S. Dearborn St., Chicago, IL, 60606, and his motion must be accompanied by a signed stipulation of the parties and "any fees that are due." Otherwise, the dismissal may occur only on "terms agreed to by the parties or fixed by the court" of appeals.

Plaintiff should be aware that even if the court of appeals grants his motion for

2

voluntary dismissal, he will still be required to pay the $455 fee for filing his appeal. This obligation was incurred at the time he filed his notice of appeal and cannot be avoided by dismissing the appeal or by failing to pay when the fees are due. <u>Newlin v. Helman</u>, 123 F.3d 429, 434 (7th Cir. 1997).

I do not have the authority to allow plaintiff to withdraw his appeal or waive the $455 filing fee. Therefore, I will take no action on his motion to withdraw his appeal. Plaintiff remains free to request voluntary dismissal of the appeal by filing his request with the Clerk of the Court of Appeals for the Seventh Circuit as provided in Fed. R. App. P. 42(b).

Entered this 23d day of January, 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge