IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS W. ZACH,

                                  Plaintiff,

    v.

BRENDA STACEY, Probation Officer,
Wisconsin Department of Corrections,
Div. of Community Corrections; and
LEANN MOBERLY, Probation Supervisor,
Wisconsin Department of Corrections,
Div. of Community Corrections,

                                  Defendants.

ORDER

3:07-cv-426-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On November 28, 2007, plaintiff Thomas Zach filed a notice of appeal from the judgment of dismissal entered in this case on October 25, 2007. In an order dated November 30, 2007, I concluded that plaintiff's appeal was not taken in good faith and I denied his request for leave to proceed <u>in forma pauperis</u> on appeal. One month later, on January 1, 2008, plaintiff submitted a letter in which he claimed that he lacked the legal knowledge and materials necessary to proceed with his appeal and did not have the money to pay the $455 filing fee. He asked that the filing fee be waived and his appellate case

1

closed immediately.

Before this court could respond to plaintiff's letter, the Court of Appeals for the Seventh Circuit dismissed plaintiff's appeal on January 11. 2008, for his failure either to pay the $455 filing fee or ask the court of appeals directly for leave to proceed on appeal <u>in forma pauperis</u> as permitted by Fed. R. App. P. 24(a)(5).  Unaware that the court of appeals had already dismissed plaintiff's appeal, I issued an order on January 23, 2008, construing plaintiff's January 1 letter as a motion to withdraw his appeal.  I advised plaintiff that this court did not have authority to allow him to withdraw his appeal.  Rather, his only remedy was to file a motion for voluntary dismissal of the appeal with the court of appeals under Fed. R. App. P. 42(b), which states,

> The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due.  But no mandate or other process may issue without a court order.  An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

Apparently, having already learned that his appeal was dismissed, plaintiff did pursue the avenue this court suggested.

Now, however, inexplicably, plaintiff has filed another document in this court, this one titled "Motion for Return of Mandate to U.S. District Court."  In it, plaintiff asks that this court "accept and return the present jurisdiction from the Dane County Circuit Court to the U.S. District Court for the Western District of Wisconsin."  Attached to the motion

is a copy of a letter he wrote to the defendants in this case asking that they agree to dismiss his appeal.

Regrettably, I can make no sense out of plaintiff's filing. If he is attempting now to comply with the requirements of Fed. R. App. P. 42(b), he is too late. The court of appeals has already dismissed his appeal. If he is attempting to seek some form of additional relief from this court, it is too late as well. This action was closed on October 26, 2007, and the time passed long ago for plaintiff to challenge its dismissal. Accordingly. I will deny plaintiff's "Motion for Return of Mandate to U.S. District Court."

ORDER

IT IS ORDERED that plaintiff's "Motion for Return of Mandate to U.S. District Court" is DENIED.

Entered this 5th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge